UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 10-323-11 (ESH) |
| MARTIN DIAZ, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Martin Diaz, along with fourteen others, has been charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and marijuana in violation of 21 U.S.C. § 846, a crime punishable by 10 years to life. 18 U.S.C. §§ 841(b)(1)(A)(ii); 846. The government requested a hold pursuant to 18 U.S.C. § 3142(f)(1)(C), and a detention hearing was held before Magistrate Judge Facciola on December 9, 2010. At the conclusion of this hearing, Magistrate Facciola held the defendant pending trial pursuant to 18 U.S.C. § 1842. Diaz thereafter filed a motion to revoke Magistrate Facciola's detention order under 18 U.S.C. § 3145(b), which the government opposed. The Court held a hearing on the motion on January 3, 2010, at the conclusion of which the Court issued an oral ruling denying defendant's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

### DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e).

As found by the grand jury, there is probable cause to believe that Diaz was part of a conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of the Controlled Substance Act, which is punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(ii), 846. Based on the government's proffer, the Court is satisfied that there is substantial evidence connecting Diaz to defendant Jamie Medina-Medina, the alleged center of this conspiracy and the subject of a federal narcotics investigation involving sales of drugs to both confidential informants and undercover detectives, as well as Title III wiretaps. As set forth

in the government's opposition, Diaz is alleged to have been a go-between for Medina-Medina and his cocaine suppliers, assisted Medina-Medina in transporting nearly a half-ton of marijuana for the purpose of distribution, and negotiated drug prices on behalf of Medina-Medina. In addition, law enforcement officers recovered two shotguns and ammunition while executing a search warrant of Diaz's home at the time of his arrest.

This evidence is sufficient to support a finding that Diaz was a central participant in a major drug conspiracy, and accordingly, in determining whether Diaz's continued detention is warranted, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e).

In attempting to rebut this presumption, Diaz stresses his extensive ties to the community. He is a 20-year resident of the D.C. metropolitan area, is married with five children, and is a naturalized American citizen. He has owned his own marble and granite company for the last 16 years, and owns a home in Maryland, as well as the building where his company is located. Moreover, there is no evidence that during the 26 years that defendant has lived in the United States he has ever before been arrested or convicted of a crime.

The "history and characteristics of the [defendant]," however, is only one of four factors that the Court must consider in determining the appropriateness of pretrial detention, and the remaining factors speak to the need for detention in this case. The offense charged is serious, involving a controlled substance and a potential life sentence. *See* 18 U.S.C. § 3142(g)(1). In addition, Diaz has been indicted as a member of a large-scale drug conspiracy, which constitutes a serious threat to the community. Finally, the search of his home resulted in the discovery of

two shotguns.  When these factors are considered together, it is clear that Diaz cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention [Dkt. #44] is hereby **DENIED**.  In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

**SO ORDERED.**

                                                        /s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: January 4, 2011